IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CV-33-BO

| | |
|---|---|
| WILLIAM D. WEBB, Administrator for the estate of NORMAN R. DOVE, JR., Deceased,<br><br>Plaintiff,<br><br>v.<br><br>HENRY BRAD STEVENS,<br><br>Defendant. | **ORDER** |

After review, the defendant's Motion to Dismiss and Motion to Strike are DENIED.

## BACKGROUND

On January 20, 2003, the defendant, North Carolina State Highway Patrol Trooper Henry Brad Stevens, killed Norman R. Dove, Jr.. Although factual accounts of the events vary, the defendant pulled the deceased over for an alleged seatbelt violation. After the defendant was alerted that Mr. Dove was driving a stolen car, the defendant put handcuffs on Mr. Dove and placed him in the front seat of the patrol car. At some point, Mr. Dove escaped from the defendant's control, and attempted to flee by running away on foot, and may or may not have attempted to attack and use weapons against the defendant.

After a chase, Mr. Dove managed to gain control of the patrol car, locking the defendant out. Accounts differ as to the subsequent events: either Mr. Dove attempted to use the car as a weapon to injure the defendant, or he attempted to back away from the defendant and flee the

1

scene. At this point, the defendant shot Mr. Dove through the car window, killing him.

The plaintiff, Mr. Dove's representative, has brought suit against the defendant, alleging: violations of the deceased's civil rights under 42 U.S.C. § 1983; violations of N.C. Gen. Stat. § 15A-401; and wrongful death under N.C. Gen. Stat. § 28A-18-2. The defendant has filed a Motion to Dismiss and a Motion to Strike.

## DISCUSSION

The defendant's Motion to Dismiss is denied. Federal Rule of Civil Procedure 12 (b)(6) states that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir., 1999); *see also Papasan v. Allain*, 478 U.S. 265, 283 (1986). "Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *City of Goldsboro* at 244. Though specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 125 S.Ct. 1955, 1965 (2007). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Id.* at 1973. A court cannot assume facts that are not alleged in a complaint. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 221 (4th Cir., 1994) (quoting *Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 74 L. Ed. 2d 723, 103 S. Ct. 897 (1983)). Vague and conclusory allegations do not state a claim upon which relief can be granted.

2

*Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir.,1990).

After accepting all well-pleaded allegations in the plaintiff's complaint as true, and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it does not appear certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. The factual allegations nudge the plaintiff's claims across the line from conceivable to plausible. The allegations are neither vague nor conclusory. The Motion to Dismiss is denied.

The defendant's motion to strike is also denied. Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to "order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir., 2001) (internal citations and quotations omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted. Accordingly, a motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party." *McIntyre-Handy v. APAC Customer Servs.*, 2006 U.S. Dist. LEXIS 42556, at *18-19. (E.D. Va. 2006) (internal citations and quotations omitted).

The defendant here has not demonstrated that the material sought to be stricken is so unrelated to the plaintiff's claims as to be unworthy of any consideration. The defendant's motion to strike is also denied.

## CONCLUSION

The defendant's Motion to Dismiss is DENIED.
The defendant's Motion to Strike is also DENIED.

SO ORDERED.

This __11__ day of August, 2008.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE